UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

TIMOTHY D. ROUSE                                                                          PLAINTIFF

v.                                                        CIVIL ACTION NO. 5:08CV-P123-R

THOMAS SIMPSON *et al.*                                                DEFENDANTS

**MEMORANDUM OPINION**

      Plaintiff Timothy D. Rouse, a prisoner incarcerated at the Kentucky State Penitentiary ("KSP"), filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 (DN 1) and later filed a memorandum in support of the complaint (DN 9), which the Court construes as an amended complaint. Seeking damages and injunctive relief, Plaintiff raises six claims described in greater detail herein and names the following four KSP officers as Defendants: Warden Thomas Simpson, Deputy Warden Greg Howard, Unit Administrator Hobert Huddleston, and Case Worker Micheal Spindler.

      This matter is before the Court for screening of the complaint and its amendment pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, a portion of the claims will be dismissed and a portion will continue.

**I. STANDARD OF REVIEW**

      When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, -- U.S. -- , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19

(1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. ANALYSIS

### A.   Claim One

Plaintiff contends that Defendant Warden Simpson violated his constitutional rights by refusing "to protect the policy of my outgoing mail." He contends that Defendant Simpson allowed another inmate to prepare false documents in Plaintiff's name without Plaintiff's consent and to send the documents to courts to confuse the courts and manipulate the system to interfere with Plaintiff's criminal and civil cases.

It is unclear which constitutional provision Plaintiff claims Defendant Simpson allegedly violated. Plaintiff does not claim that any of his mail was not sent out or that Defendant Simpson prevented him from presenting any non-frivolous claim(s). The Court simply finds no alleged wrongdoing rising to the level of any constitutional violation. The claim against Defendant Simpson, therefore, must be dismissed.

### B.   Claims Two, Three, and Five

Plaintiff claims that Defendants Huddleston and Howard denied him the right to reside in "a clean and normal" environment by failing to provide proper cleaning materials and clean mop water. He further alleges that Defendant Huddleston placed him in a small cell the size of a

bathroom that is boarded and has no air ventilation, with no open area in the cell, with no incoming air to breathe, and with the heat blowing above 90 degrees while it is 98 degrees outside. He finally alleges that Defendant Huddleston forces him to live in a small cell containing urine and other waste that the inmate in the next cell continues to throw into Plaintiff's cell.

Upon consideration, the Court will allow this Eighth Amendment claim to proceed against Defendants Huddleston and Howard.

**C.     Claim Four**

According to Plaintiff, he is being detained without any means to communicate by telephone without Defendant Spindler scheduling the call. Plaintiff reports that after he filed a grievance on the matter, Defendant Spindler refused to call Plaintiff's lawyer for him or to allow Plaintiff to call his lawyer. Plaintiff claims that Defendant Spindler "pretends that he call and that there is no such lawyer. My lawyer writes me stateing that his allegations are false and he didnt call."

As to Plaintiff's broad allegation that he cannot communicate by telephone without the call being scheduled, he has failed to state a constitutional violation. "Freedom of association is among the rights least compatible with incarceration." *Overton v. Bazzetta*, 539 U.S. 126, 131 (2003) (citations omitted). "Some curtailment of that freedom must be expected in the prison context." *Id.* Here, Plaintiff does not allege that all contact with persons outside the prison walls has been prohibited, only that telephone calls must be scheduled in advance.

With respect to Plaintiff's claim that Defendant Spindler refused to call Plaintiff's lawyer for him or allow Plaintiff to call his lawyer, Plaintiff has failed to state a claim of denied access to courts. Plaintiff is a convicted inmate, not a pretrial detainee incarcerated with a pending

4

criminal prosecution. He does not allege that he has been denied access to court or that Defendant Spindler's actions "hindered his efforts to pursue a [non-frivolous] legal claim." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). In other words, Plaintiff has not alleged that Defendant Spindler "caused such actual injury as the late filing of a court document or the dismissal of an otherwise meritorious claim." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Lewis*, 518 U.S. at 356 (advising that no actual injury occurs without a showing that such a claim "has been lost or rejected, or that the presentation of such a claim is currently being prevented"). Plaintiff does not allege that he is unable to contact his attorney at all or that his attorney is unable to call, mail, or visit him. *See Aswegan v. Henry*, 981 F.2d 313, 314 (8th Cir. 1992) ("Although prisoners have a constitutional right of meaningful access to the courts, prisoners do not have a right to any particular means of access, including unlimited telephone use."); *Ingalls v. Florio*, 968 F. Supp. 193, 204 (D.N.J. 1997) ("[L]imited access to telephone calls, however, is not a constitutional violation so long as inmates can communicate with their counsel in writing or in person by visits."). In fact, Plaintiff apparently has been able to communicate with his lawyer by some means because Plaintiff reports that his lawyer has written to him advising that Defendant Spindler's allegations are false. Plaintiff's lawyer's response necessarily implies that Plaintiff had to have first contacted his lawyer to advise him of Defendant Spindler's alleged attempts to contact him by phone.

Finally, as to Plaintiff's claim that Defendant Spindler refused to call or allow Plaintiff to call his attorney after Plaintiff filed a grievance against Defendant Spindler, the Court will allow that claim of retaliation to proceed.

**D.     Claim Six**

Plaintiff claims that the Due Process Clause of the Fourteenth Amendment was violated during disciplinary proceedings on write-ups for escape and forgery. He claims that the Department of Corrections had no jurisdiction over his case to make it an institutional offense; that the warden refused to allow him to present, call, and cross-examine his accuser at the adjustment hearing; and that the warden refused Plaintiff legal counsel or a legal aide at the hearing. Plaintiff further contends that the warden held that he "had no right to a Miranda[] warning at Displinary hearing in charges involving escape and forgery" even though "[t]he matter was refferred to outside charges." The attachments to the complaint reveal that Plaintiff was found guilty of the institutional offenses and punished with loss of good-time credit and placement in segregation. In addition to damages for this claim, he seeks an order dismissing the write-ups, restoring good-time credit, and releasing him from segregation.

A restraint which "inevitably affect[s] the duration of [an inmate's] sentence" creates a liberty interest. *Sandin v. Conner*, 515 U.S. 472, 487 (1995). The loss of good-time credits affects the length of Plaintiff's prison sentence; thus he has a protected liberty interest in this regard. *Sandin*, 515 U.S. at 477-78 (citing *Wolff v. McDonnell*, 418 U.S. 539 (1974)). Even though Plaintiff has demonstrated a liberty interest entitled to due process protection, there is still a barrier to his Fourteenth Amendment claim. A state prisoner may not file a § 1983 suit for damages or equitable relief challenging his conviction or sentence if a ruling on his claim would render the conviction or sentence invalid, until and unless the conviction or sentence has been reversed on direct appeal, expunged by Executive Order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). While not all claims

6

challenging a prisoner's conviction or sentence will necessarily demonstrate the invalidity of the judgment, *id.* at 487 n.7, if a ruling on a claim would necessarily render Plaintiff's continued confinement invalid, the claim must be dismissed, not for lack of exhaustion of state remedies, but because it is simply not cognizable until the challenged confinement has been remedied by some other process. *Id.* at 487.

In *Edwards v. Balisok,* 520 U.S. 641 (1997), the Supreme Court extended the application of *Heck* to prison administrative proceedings. If the inmate's allegations would "necessarily imply the invalidity of the punishment imposed" the claim is not cognizable in a civil action under § 1983. *Id.* at 648.

More recently in *Wilkinson v. Dotson*, 544 U.S. 74 (2005), the Supreme Court reemphasized that "a state prisoner's § 1983 action is barred (absent prior invalidation)--no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)--*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id.* at 81-82.

Were the Court to find in favor of Plaintiff and conclude that Defendants violated his due process rights by engaging in the conduct summarized above, such a finding would necessarily demonstrate the invalidity of Plaintiff's disciplinary action and duration of his confinement since the ultimate result would be return of his lost good-time credits. Plaintiff's sole remedy for return of good-time credits is a writ of habeas corpus. The due process claim must, therefore, be dismissed for failure to state a cognizable claim upon which relief may be granted.

**E.      Remaining claims for injunctive relief**

Finally, Plaintiff additionally seeks release from prison and transfer to another institution. As the Court advised above, "when a state prisoner is challenging the very fact or duration of his

physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Because Plaintiff specifically asks for immediate release from prison, the instant § 1983 action cannot lie. Only by way of a petition for writ of habeas corpus can Plaintiff request such relief.      As to Plaintiff's request for a transfer to another facility, the law is clear that a prisoner has no right to be incarcerated in a particular institution or a particular part of an institution. *See Montanye v. Haymes,* 427 U.S. 236 (1976); *Meachum v. Fano*, 427 U.S. 215, 223-25 (1976); *Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998); *Beard v. Livesay,* 798 F.2d 874 (6th Cir. 1986); *Dancy v. George*, Civil Action No. 07-CV-97-GFVT, 2007 WL 2251926, at *2 (E.D. Ky. Aug. 2, 2007) (denying transfer request, in part, because "[w]ell-settled law establishes that prisoners have no inherent constitutional right to placement in any particular prison; transfers to any particular prison; any particular security classification; or housing assignment"). Consequently, Plaintiff's request for an injunction directing that he be transferred to another institution must be denied.

　　　　The Court will enter a separate Scheduling Order to govern the development of the continuing Eighth Amendment claim against Defendants Howard and Huddleston and the continuing retaliation claim against Defendant Spindler. A separate Order will also be entered dismissing all other claims.

Date:

cc:    Plaintiff, *pro se*
       Defendants
       General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.005