# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH

TIMOTHY D. ROUSE                                             PLAINTIFF

v.                                              CIVIL ACTION NO. 5:08CV-P123-R

THOMAS SIMPSON *et al.*                                    DEFENDANTS

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's motion for restraining order and transfer from the Kentucky State Penitentiary (KSP) (DN 20). Plaintiff seeks an order against Donald Wellham, Michael Ray, and Phillip Parkers (1) restricting them from being on the same grounds as Plaintiff and his family; and/or (2) directing them to transfer Plaintiff to the Kentucky State Reformatory or the Little Sandy Correctional Complex. Plaintiff claims that he had a prior conflict with Wellham, and that upon Plaintiff's transfer to KSP where Wellham now works, Wellham assaulted Plaintiff in August and October 2009. Plaintiff further contends that Ray and Parkers were aware of Wellham's actions but refused to prevent them and pretended to conduct an investigation.

"A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). "There are four factors that are particularly important in determining whether a preliminary injunction is proper." *Int'l Longshoremen's Ass'n, AFL-CIO, Local Union No. 1937 v. Norfolk S. Corp.*, 927 F.2d 900, 903 (6th Cir. 1991). They are:

> (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether

issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction.

*Tumblebus Inc. v. Cranmer*, 399 F.3d 754, 760 (6th Cir. 2005).

The Court finds that a preliminary injunction is not warranted because Plaintiff cannot succeed on the merits. Although no single factor is controlling when determining whether a preliminary injunction should issue, the likelihood of success on the merits is often the predominant consideration. *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000) ("[A] finding that there is simply no likelihood of success on the merits is usually fatal."); *Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997) ("[W]hile, as a general matter, none of [the] four factors are given controlling weight, a preliminary injunction issued where there is simply no likelihood of success on the merits must be reversed.").

"[T]he proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion." *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000). Plaintiff fails to provide an affidavit or other evidence in support of his claims. Moreover, neither Wellham, Ray, nor Parkers are defendants in this action. Although the Court is concerned about Plaintiff's allegations, Plaintiff has not demonstrated that the relief sought is appropriate under the instant circumstances. Should Plaintiff wish further review as to these matters, he may file a new action against those individuals named herein pursuant to 42 U.S.C. § 1983.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for restraining order and for transfer (DN 20) is **DENIED.**

The **Clerk of Court is DIRECTED to send Plaintiff a § 1983 form** for his use should he wish to file a separate action.

Date:

cc: Plaintiff, *pro se*
 Counsel of record
4413.005