UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

TIMOTHY D. ROUSE                                                                      PLAINTIFF

v.                                                         CIVIL ACTION NO. 5:08CV-P123-R

THOMAS SIMPSON *et al.*                                                         DEFENDANTS

## MEMORANDUM AND ORDER

This matter is before the Court on Rodney Grimes's motion to intervene and file a supplemental complaint in this action (DN 33). Defendants filed a response (DN 35), to which Plaintiff Rouse (DN 42) and Inmate Grimes (DN 58) replied.

Grimes appears to be seeking permissive intervention under Fed. R. Civ. P. 24(b), which provides,

> On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact . . . . In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

"To intervene permissively, a proposed intervenor must establish that the motion for intervention is timely and alleges at least one common question of law or fact." *United States v. Michigan*, 424 F.3d 438, 445 (6th Cir. 2005) (citing *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1248 (6th Cir. 1997)). "Once these two requirements are established, the district court must then balance undue delay and prejudice to the original parties, if any, and any other relevant factors to determine whether, in the court's discretion, intervention should be allowed." *Id.*

The Sixth Circuit considers the following factors in evaluating timeliness under Rule 24:

> (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case; (4) the prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and

(5) the existence of unusual circumstances militating against or in favor of intervention.

*Bailey v. White*, 320 F. App'x 364, 366 (6th Cir. 2009) (quoting *Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990)).

Upon consideration, the Court finds that Grimes's motion to intervene is untimely. Although the complaint was filed in July 2008, Grimes alleges Eighth Amendment deprivations that occurred in 2009-2010 and fails to explain why he waited until March 2010 to file his motion or to advise when he became aware of the action. Further, by separate Order, the Court has granted Plaintiff Rouse's motion to withdraw and voluntarily dismiss all remaining claims against all Defendants with prejudice.[1] The Court finds this to be a circumstance weighing heavily against intervention in this action and supplementation of the complaint.

For these reasons, **IT IS ORDERED** that the motion to intervene and to supplement (DN 33) is **DENIED**.

**The Clerk of Court is DIRECTED to open Grimes's § 1983 supplemental complaint and exhibits attached to the motion to intervene in DN 33 as a new action.**

Date:

cc:  Plaintiff, *pro se*
     Rodney Grimes
     Counsel of Record
4413.005

---

[1] Dismissal of Rouse's claims in this instance would not have a preclusive effect on any of Grimes's claims.